## HOERNER v SECURITY SAVINGS ASSN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1234.  Decided Feb 8, 1934

Eldon F. Hoerner, for plaintiff in error.
John W. Bricker, Attorney General, Columbus, and Harry P. Jeffrey, Special Counsel, Columbus, for defendants in error. .

## OPINION

By KUNKLE, J.

We doubt whether this court has jurisdiction to hear and determine this case.

The entry, as disclosed by the transcript of docket and journal entries is as follows:

"This cause coming on to be heard upon the demurrer of the plaintiff to the amended answer of the defendant, the court being fully advised in the premises, and for good cause shown, overrules said demurrer."

Does an entry in this form constitute a final order? Is not the case still pending in the lower court for the purpose of reply upon the part of plaintiff or such further pleading as it may desire to file?

The petition was not dismissed and as above suggested under this entry we are of opinion that the case is still pending in the lower court and that no final order has been made.

However that may be, we have examined with care the briefs of counsel and when the averments of the amended answer are admitted as true, and they are so admitted by the filing of a demurrer thereto, we think the lower court properly overruled the demurrer.

It is apparent that the certificates of deposit plead in the petition are not negotiable. They do not contain any reference to their being payable to order or bearer. If they are not negotiable, then the defendants can assert any claim against such certificates of deposit in the hands of plaintiff that they could if the same were in the hands of the persons to whom the certificates were originally issued.

**Sec 8289 GC** defines a promissory obligation as follows:

"Within the meaning of this chapter a negotiable promissory note is an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand or at a fixed or determinable future time a sum certain in money **to order or to bearer.** When a note is drawn to the maker's own order, it is not complete until endorsed by him."

The words, "to order or bearer" do not appear in the certificates of deposit in question.

The demurrer also admits the restrictions and conditions governing the right to withdraw these deposits in accordance with Article 13 of the By-Laws of the Association. If these certificates of deposit are not negotiable, then plaintiff would be bound by such rules and regulations.

The amended answer also avers that no notice of withdrawal in accordance with the By-Laws of the Association has been filed. The demurrer admits this allegation.

Assuming that we have jurisdiction, we find no error in the ruling of the lower court upon this demurrer which we think is prejudicial to plaintiff in error and the judgment of the lower court will therefore be affirmed.

HORNBECK, PJ, and BARNES, J, concur.